UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DANIEL L. WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:13-cv-00490-TAV-HBG |
| CARRIE MOORE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

On August 14, 2013, Plaintiff filed a civil rights claim pursuant to 42 U.S.C. § 1983 against six defendants associated with the Tennessee Department of Correction [Doc. 2]. During pendency of the action only Defendant Carrie Moore has been properly served with process [Doc. 9]. Before the Court now are Plaintiff's multiple motions for appointment of counsel [Docs. 18, 21, 23], motion for default judgment [Doc. 22] and "request for [a] copy of the docket sheet" [Doc. 21]. The Court denied Plaintiff's previous motions for appointment of counsel [Docs. 11, 14] on August 5, 2014 [Doc. 16].

### I. MOTION FOR APPOINTMENT OF COUNSEL

The appointment of counsel in a civil case is a matter within the discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). After careful consideration of Plaintiff's motions, including the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim, this Court is of the opinion that counsel is not necessary at this time to insure Plaintiff's claims are fairly heard. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Plaintiff's motions for appointment of counsel [Docs. 18, 21, 23] are **DENIED**.

## II. MOTION FOR DEFAULT JUDGMENT

Plaintiff has also filed a motion requesting "default judgment" against various named defendants because the "case has been going on for over [two] years . . . [and some defendants] have [still] not received their criminal summons." Because Plaintiff is responsible for ensuring service of process in compliance with Rule 4 of the Federal Rules of Civil Procedure and failure to do so is not a ground for default judgment in his favor, the motion [Doc. 22] is **DENIED**.

## III. MOTION TO ENSURE SERVICE OF PROCESS

Summonses were issued for each of the six defendants named in Plaintiff's complaint on October 15, 2013. By the end of December 2013, all but Defendant Carrie Moore's were returned unexecuted with the explanation "attempted not known" [Docs. 4–8]. On August 5, 2014, after noting 120 days had passed from the filing of the complaint without proper service of process to Defendants Keiss, Redman, Parson, Lemance, and Earls, the Court instructed Plaintiff to show cause why his complaint should not be dismissed without prejudice based on noncompliance with Rule 4(m) [Doc. 16]. Plaintiff filed a response on August 27, 2014 [Doc. 17]. In light of the circumstances surrounding return of the unexecuted summons and his uninterrupted incarceration during the period in which process was to be made, the Court finds dismissal of Plaintiff's claims against five-of-six named defendants without one more attempt at service would be improper.

The Warden of the Morgan County Correctional Complex is hereby **ORDERED** to provide Plaintiff with the full names of any current or former contractors or employees of the complex possessing names similar to Correctional Officer Redman, Correctional Officer Parson, Correctional Officer Lemance, Correctional Officer Earls, and Corporal Keiss. For additional assistance in identifying the proper individuals, the Warden is encouraged to review the

allegations contained in Plaintiff's complaint [Doc. 2]. The Clerk is **DIRECTED** to send Plaintiff five blank summons and Plaintiff is in turn **DIRECTED** to use the information received from the Warden to file updated summons where necessary so the United States Marshals Service can attempt to effectuate service.

**IV.    REQUEST FOR "SUMMARY OF DOCKET[S]"**

In addition to the foregoing, Plaintiff requests "a summary of docket pertaining to case[s] 3:14-cv-62 and 3:13-cv-49" [Doc. 21 p. 1]. In light of the description provided by Plaintiff, the Court interprets this request as one for a copy of each actions docket sheet. Further, because Plaintiff is not a party to case 3:13-cv-49, the Court interprets the second portion of the request as one for a copy of the docket sheet in the current action, case 3:13-cv-490. Because *in forma pauperis* status does not automatically exempt Plaintiff from the fees associated with obtaining copies of court documents and all such requests are handled through by the Clerk's Office, Plaintiff's motion [Doc. 21 p.1] is **DENIED**. The Clerk is however **DIRECTED** to send Plaintiff any materials necessary to facilitate submission of a proper document request.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

3